IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

W JAMES MAC NAUGHTON, )
)
      Plaintiff, )
)
  v. ) No. 17 C 227
)
ISHAIHU HARMELECH, et al., )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

In 1998, Defendant Ishaihu Harmelech (Mr. Harmelech) allegedly acquired a property (Property) in Palm Harbor, Florida. Over the course of several years the Property was allegedly then transferred to various entities such as Sam Ventures, Inc. (SVI), SEM Jewelry, Inc. (SEM), and Defendant JCLH, LLC (JCLH). Mr. Harmelech allegedly has faced significant civil litigation, has filed for bankruptcy on multiple occasions, and has been incarcerated for concealing assets, false oath and bribery, and harassment of a witness. Plaintiff contends that subsequent to his

1

release, Mr. Harmelech was again indicted, this time for fraud. In 2016, the Property was allegedly transferred to Defendant Judith Harmelech (Ms. Harmelech). Plaintiff James Mac Naughton is allegedly a judgment creditor pursuant to a right to satisfy and collect a judgment in *Russian Media Group, LLC v. Cable America, Inc. et al* (06 C 3568). Plaintiff includes in his complaint actual fraud and legal fraud claims brought under the Illinois Uniform Fraudulent Transfer Act (IUFTA), 740 ILCS 160/1 *et seq.* (Counts I and II), fraudulent trust claims (Count III), conspiracy claims (Count IV), and an aiding and abetting claim brought against Ms. Harmelech (Count V). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

2

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I.  Attorney Conflict

Defendants argue that the instant action should be dismissed because Plaintiff, who is an attorney, has a conflict and cannot represent himself in this case. Defendants contend that in two prior cases in federal court the judge in those cases found that Plaintiff was disqualified from representing Casco Bay Holdings, LLC (CBH), and Russian Media Group, LLC (RMG) because of Plaintiff's prior representation of Mr. Harmelech. Defendants argue that Plaintiff should be barred from representing CBH and that CBH should be barred from enforcing a judgment in this case. (Mot. 4). However, as Plaintiff correctly points out, neither CBH nor RMG is a party in this case. Nor has there been any showing by Defendants that there is any substantial connection between this case and those prior two cases. If Defendants believe that there is a conflict in this case, Defendants must specifically

identify the basis for the alleged conflict and Defendants have failed to do so at this juncture. Plaintiff also correctly points out that the proper motion for such a request would be a motion to disqualify rather than a motion to dismiss.

II. Reverse-Piercing

Defendants argue that Plaintiff cannot pierce the corporate veil of JCLH because Plaintiff is attempting to hold a company liable for the conduct of an individual. Defendants argue that the theory of piercing the corporate veil only applies when a plaintiff seeks to hold an individual liable for the conduct of a corporation. When federal jurisdiction is premised on diversity subject matter jurisdiction, a court must "look to the substantive law of the state in which the district court sits, . . . including choice of law rules." *Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012). Under Illinois law, "the law of the state of incorporation" is followed "for veil piercing claims." *Id.*

In the instant action, Plaintiff has asserted, and Defendants have not disputed, that JCLH is a Florida limited liability company. The court thus must look to Florida state law regarding piercing the corporate veil. Florida law does recognize a reverse-piercing of the corporate veil theory. *Braswell v. Ryan Investments, Ltd.*, 989 So. 2d 38, 40 (Fla. Dist. Ct. App. 2008). Plaintiff is therefore not foreclosed from pursuing such a theory in this case.

III. Statute of Limitations

Defendants also argue that the IUFTA claims are untimely. There is a one-year statute of limitations for IUFTA actual fraud claims, and a four-year-statute of limitations for other IUFTA claims. 740 ILCS 160/10. Defendants argue that Plaintiff is basing his claims on transfers that occurred in 1990, which is beyond the limitation periods. Plaintiff indicates, however, that his claims are premised on a transfer from JCLH to Ms. Harmelech in November 2016. Thus, the filing of the complaint in January 2017, was well within both the one-year and four-year limitation periods. Defendants have not shown that the IUFTA claims are untimely. The court also notes that based on the 2016 transfer, the derivative conspiracy and aiding and abetting claims are timely.

IV. Resulting Trust Claim

Defendants argue that Plaintiff fails to allege sufficient allegations in Count III to state a cause of action for a constructive trust. Plaintiff, indicates, however, that he is seeking to enforce a resulting trust. Such a claim is cognizable under Illinois law, *Dore v. Quezada*, 77 N.E.3d 764, 769 (Ill. App. Ct. 2017), and Plaintiff has alleged sufficient facts to state such a claim. Although Defendants challenge whether there was a resulting trust, Defendants are delving into the merits of the claim, which is premature at this juncture. Based on the above, Defendants' motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is denied.


                                             _____
                                             Samuel Der-Yeghiayan
                                             United States District Court Judge


Dated:   August 30, 2017