UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| W. JAMES MAC NAUGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-227 |
| v. | ) | |
| | ) | |
| ISHAIHU HARMELECH et al., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff W. James Mac Naughton brought this action against Defendants Ishaihu ("Shai") and Judith Harmelech and Defendant JCLH, LLC seeking to collect on two judgments. Specifically, Mac Naughton alleges that Shai fraudulently transferred title of a condo in Florida to various entities and then to his wife Judith Harmelech to conceal his ownership of the condo from his creditors. *See* R. 48 ¶ 17-31. Mac Naughton alleges he is a judgment creditor of Shai based on a New Jersey judgment and based on an assignment of a judgment in this district. For the following reasons, the Court finds Mac Naughton no longer has standing to pursue this action and dismisses the case without prejudice.

**Discussion**

Mac Naughton alleges he has standing to recover on the fraudulently transferred condo for two reasons. *First*, Mac Naughton alleges he has standing based on an assignment of a judgment entered on May 23, 2011 in *Russian Media Group, LLC v. Cable America, Inc. et al*, No. 06 C 3568 (N.D. Ill.). Mac Naughton represented Shai in that case. Mac Naughton and Shai's relationship ended in a dispute over legal bills. Russian Media and Shai (working with different counsel) eventually settled the case. Mac Naughton then brought suit in New Jersey to recover his fees. *Mac Naughton v. Harmelech et al*, No. 09 C 5450 (D.N.J.) (the "New Jersey" case). The results of that case are discussed later in this opinion.

Mac Naughton, through a holding company he controlled called Casco Bay, then bought Russian Media's judgment against his former clients. Mac Naughton also brought suit in this district to collect on the *Russian Media* judgment. *Mac Naughton v. Harmelech. et. al.*, No. 14 C 10016 (N.D. Ill.) (the "Casco Bay" case). Judge Holderman disqualified Mac Naughton from representing Casco Bay in its pursuit of the assigned judgment. *Id.* at Dkt. 35 (N.D. Ill. Mar. 17, 2015). In an

1

obvious effort to side-step Judge Holderman's order, Mac Naughton then caused Casco Bay to assign the judgment to Mac Naughton personally. Mac Naughton seeks to collect on the *Russian Media* judgment in this case, as well as in other cases.[1]

However, on June 22, 2018, this Court, based in part on an order issued by Judge Feinerman in the Casco Bay case,[2] held that Mac Naughton violated Judge Holderman's order and violated Rule 1.9(a) of the New Jersey Rules of Professional Conduct by seeking to enforce the *Russian Media* judgment against the clients he previously represented. *See Russian Media Group, LLC v. Cable America, Inc. et al*, No. 06 C 3578, Dkt. 488 (N.D. Ill. June 22, 2018). Specifically, the Court stated that Rule 1.9(a) of the New Jersey Rules of Professional Conduct[3] prevents Mac Naughton from representing another client (himself) in the same or substantially related matter in which his interests are materially adverse to the interests of his former clients (i.e. collection of the judgment against his former client, Shai).[4]

Here too, Mac Naughton seeks to enforce the *Russian Media* judgment against the interests of his former client Shai. Mac Naughton's attempt violates Judge Holderman's order issued in the Casco Bay case and Rule 1.9(a) of the New Jersey and Illinois Rules of Professional Conduct. Mac Naughton may not rely on the *Russian Media* assignment as a basis for his standing in this case.

*Second*, Mac Naughton states that he is a judgment creditor of Shai pursuant to a judgment entered on September 6, 2016 for $71,763 in the New Jersey case. Mac Naughton brought that action to collect his fees incurred during the *Russian Media* case. But that judgment has been satisfied.[5] Accordingly, Mac Naughton lacks standing to pursue this case based on the judgment from the New Jersey case.

---

[1] *See e.g., Mac Naughton v. Alden Mgmt. Servs., Inc., et al.*, No. 16 C 9027 (N.D. Ill.); *Mac Naughton v. Asher Ventures, LLC*, No. 17 C 4050 (N.D. Ill.).

[2] *W. James Mac Naughton v. Shai Harmelech, et al.*, No. 14 C 10016, Dkt. 242 (N.D. Ill. June 5, 2018).

[3] The New Jersey Rule of Professional Conduct 1.9(a) states "a lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client . . . ."

[4] The Illinois Rule of Professional Conduct 1.9(a) is nearly identical: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent."

[5] *Russian Media Group, LLC v. Cable America, Inc. et al*, No. 06 C 3578, Dkt. 454 ¶ 4 (Shai attested that the New Jersey judgment has been satisfied in full; Mac

In a hearing on June 26, 2018, this Court questioned Mac Naughton's standing to continue to pursue this case. Mac Naughton represented that his debt has not been satisfied because he has not recovered his attorney's fees in the New Jersey case. Mac Naughton requested attorney's fees and costs of $224,761.87 for the hours he spent litigating the New Jersey case. The New Jersey district court denied his motion, holding that both Illinois and New Jersey law prohibit pro se attorneys from collecting attorney's fees. *Mac Naughton v. Harmelech et al*, No. 09 C 5450, Dkt. 466 (D.N.J. Oct. 13, 2016) and Dkt. 467 (Dec. 12, 2017) (adopting report and recommendation). During the hearing in this Court, Mac Naughton represented that he was appealing the district court's decision to deny his attorney's fees. But that appeal is of no consequence here because the underlying New Jersey judgment—upon which Mac Naughton bases his standing in this case—has been satisfied. Regardless, "Mac Naughton does not have standing to enforce an attorney fee award that he does not hold. . . . The merely 'hypothetical' prospect that the Third Circuit will reverse the New Jersey district court and grant Mac Naughton's request for attorney fees does not presently give him standing to pursue a collection action, just as a plaintiff could not collect on an anticipated judgment in a pending lawsuit." *Mac Naughton v. Harmelech et. al.*, No. 14 C 10016, Dkt. 242 at 10 (June 5, 2018) (dismissing case for lack of jurisdiction).

## Conclusion

For the foregoing reasons, Plaintiff W. James Mac Naughton lacks standing to pursue this case, and his claims are dismissed for lack of jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (standing to sue is a threshold jurisdictional question).

ENTERED:

_____

Dated: June 27, 2018

Honorable Thomas M. Durkin
United States District Judge

---

Naughton did not deny that statement); *Mac Naughton v. Harmelech et. al.*, No. 14 C 10016 Dkt. 242 at 10 (N.D. Ill. June 5, 2018) ("Mac Naughton does not dispute that Shai has satisfied the [New Jersey] judgment."). Mac Naughton has not made any statement or presented any evidence to the contrary.